CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 07 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) No. 7:19CR00016 |
| v. | ) |
| | ) Violations: |
| | ) 18 U.S.C. §§ 1347 and 1349 |
| FRANK CRAIG PURPERA, JR. | ) |
| | ) |

# INDICTMENT

## COUNT ONE

The Grand Jury charges that:

1. At times between and including on or about February 8, 2014, and in or about January 2018, in the Western District of Virginia and elsewhere, **FRANK CRAIG PURPERA, JR.** conspired to:

   a. knowingly and willfully execute and attempt to execute a scheme and artifice to (1) defraud any health care benefit program and (2) obtain by means of false and fraudulent pretenses, representations, and promises, money under the custody and control of a health care benefit program as defined by Title 18, United States Code Section 24(b), in connection with the delivery of and payment for health care benefits, items and services, in violation of Title 18, United States Code, Section 1347; and

   b. in any matter involving a health care benefit program and in connection with the delivery of and payment for health care benefits, items, and services, knowingly and willfully (1) falsify, conceal, and cover up by any trick, scheme, and device a material fact, (2) make any materially false, fictitious, and fraudulent statements and representations, and (3) make and use any materially false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry, in violation of Title 18, United States Code, Section 1035.

  2. A part of the conspiracy, **PURPERA** and others caused information in patient files to be falsified, caused false information to be provided to health care benefit programs, sought to perform unnecessary surgeries for the purpose of fraudulently billing health care benefit programs, and caused bills to be submitted to health care benefit programs for procedures not performed by a licensed physician.

  3. As examples,

   a. **PURPERA** caused employees to obtain authorization and/or submit appeals and seek payment from health care benefit programs for procedures by falsely representing the patients were in urgent need of the procedures;

    b.    **PURPERA** caused employees to obtain authorization and seek payment from health care benefit programs for procedures by falsely representing the patients had undergone conservative treatment when the patients had not indicated they had undergone conservative treatment;

    c.    **PURPERA** caused employees to falsely note in patient files that patients had engaged in conservative treatment regardless of whether the patients had engaged in conservative treatment;

    d.    **PURPERA** caused employees to bill health care benefit programs for secondary incisions that were not performed;

    e.    **PURPERA** falsely told a patient he would die if his leg condition was not treated by **PURPERA**; and

    f.    **PURPERA** caused unqualified employees to perform procedures on patients.

4.    All in violation of Title 18, United States Code, Section 1349.

### COUNT TWO

The Grand Jury charges that:

1.    At times between and including on or about February 8, 2014, and in or about January 2018, in the Western District of Virginia and elsewhere, **FRANK CRAIG PURPERA, JR.**, as a principal and aider and abettor, knowingly and

willfully executed and attempted to execute a scheme and artifice to (a) defraud any health care benefit program and (b) obtain by means of false and fraudulent pretenses, representations, and promises, money under the custody and control of a health care benefit program as defined by Title 18, United States Code Section 24(b), in connection with the delivery of and payment for health care benefits, items and services.

2. A part of the scheme to defraud, **PURPERA** caused information in patient files to be falsified, caused false information to be provided to health care benefit programs, sought to perform unnecessary surgeries for the purpose of fraudulently billing health care benefit programs, and caused bills to be submitted to health care benefit programs for procedures not performed by a licensed physician.

3. As examples,

   a. **PURPERA** caused employees to obtain authorization and/or submit appeals and seek payment from health care benefit programs for procedures by falsely representing the patients were in urgent need of the procedures;

   b. **PURPERA** caused employees to obtain authorizaition and seek payment from health care benefit programs for procedures by falsely representing the patients had undergone conservative

treatment when the patients had not indicated they had undergone conservative treatment;

  c. **PURPERA** caused employees to falsely note in patient files that patients had engaged in conservative treatment regardless of whether the patients had engaged in conservative treatment;

  d. **PURPERA** caused employees to bill health care benefit programs for secondary incisions that were not performed;

  e. **PURPERA** falsely told a patient he would die if his leg condition was not treated by **PURPERA**; and

  f. **PURPERA** caused unqualified employees to perform procedures on patients.

4. All in violation of Title 18, United States Code, Sections 2 and 1349.

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, the defendant shall forfeit to the United States:

  a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1); and

  b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2).

2. If any of the above-described forfeitable property, as a result of any act

or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;
    b.    has been transferred or sold to, or deposited with a third person;
    c.    has been placed beyond the jurisdiction of the Court;
    d.    has been substantially diminished in value; or
    e.    has been commingled with other property which cannot be subdivided without difficulty

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A **TRUE BILL**, this  7th  day of February 2019.

/s/ **Grand Jury Foreperson**
**FOREPERSON**

_____
**THOMAS T. CULLEN**
**UNITED STATES ATTORNEY**